## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

RAED F. HAMDAN,

vs.                                                              Case No.:

CITY OF BOCA RATON, a Florida Municipal
Corporation and Political Subdivision of the State of
Florida; BOCA RATON POLICE DEPARTMENT, a
Political Entity of the City of Boca Raton;
MICHELE MIUCCIO, in her official capacity as
Chief of Boca Raton Police Department;
DAN ALEXANDER, individually as Chief of
Boca Raton Police Department; DARRYL KINGMAN,
in his individual capacity and official capacity as a
Boca Raton Police Officer;

      Defendants,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAED F. HAMDAN, by and through his undersigned counsel, hereby sues

Defendants CITY OF BOCA RATON, a Florida Municipal Corporation and Political Subdivision

of the State of Florida; BOCA RATON POLICE DEPARTMENT, a Political Entity of the City of

Boca Raton; MICHELE MIUCCIO, in her official capacity as Chief of Boca Raton Police

Department;  DAN ALEXANDER, in his individual capacity as Chief of Boca Raton Police

Department; DARRYL KINGMAN, in his individual and official capacity as Boca Raton Police

Officer, and says:

## JURISDICTION AND VENUE

1.      This is an action for damages of more than $75,000.00 (Seventy-Five Thousand

Dollars), exclusive of cost and interest.

1

2.      The Court has federal-question jurisdiction because this cause includes claims under federal law. The Court has supplemental jurisdiction over state law claims arising from the same common core of events.

3.      Venue is proper in this district because all the events giving rise to these claims occurred in Boca Raton, Palm Beach County, Florida.

4.      At all times material, Plaintiff RAED F. HAMDAN (hereinafter "Plaintiff") was a resident of Palm Beach County, Florida.

5.      At all times material, Defendant CITY OF BOCA RATON, was a political subdivision of the State of Florida and a Florida Municipal Corporation organized and existing under Article VIII, § 2 of the Constitution of Florida, and to Chapter 166, Florida Statutes.

6.      At all times material hereto, the BOCA RATON POLICE DEPARTMENT is and was a Boca Raton agency, providing the vehicle through which Defendant CITY OF BOCA RATON fulfills its policing functions.

7.      MICHELE MIUCCIO is the current Chief of the BOCA RATON POLICE DEPARTMENT.

8.      At all times material, Defendant DAN ALEXANDER was the Chief of the Boca Raton Police Department and commanding office of the Boca Raton Police Department. As such, Chief ALEXANDER was responsible for the administration of the Boca Raton Police Department for the supervision and instruction of all police officers, including Defendant DARRYL KINGMAN; and for training, retaining, and disciplining of all police officers, including Defendant DARRYL KINGMAN.

9.     At all times material, Defendant Officer DARRYL KINGMAN was a police officer employed by the Boca Raton Police Department and/or the City of Boca Raton, Florida under the direct command and control of Boca Raton Police Chief DAN ALEXANDER.

10.     At all times material, Defendant CITY OF BOCA RATON and its political entity, Defendant BOCA RATON POLICE DEPARTMENT, were acting under their statutory obligations.

11.     At all times material, Defendant DAN ALEXANDER was acting within the course and scope of his employment with the Boca Raton Police Department and/or the City of Boca Raton, and, as such, administered, directed, supervised, and otherwise participated in the false arrest, false imprisonment, and violation of Plaintiff RAED F. HAMDAN'S civil rights as alleged herein.

12.     At all times material, Defendant DARRYL KINGMAN was under the color of law and acting within the course and scope of his employment with the Boca Raton Police Department and/or the City of Boca Raton and, as such, participated in the false arrest, false imprisonment, and violation of Plaintiff RAED F. HAMDAN'S civil rights as alleged herein.

13.     All conditions precedent to the filing of this action have been met, including the serving of the appropriate statutory notices.

14.     All the events complained of herein occurred in Palm Beach County, Florida.

15.     Accordingly, venue lies in the United States District Court, for the Southern District of Florida.

## GENERAL ALLEGATIONS

16.     Fla. STAT. § 776.032 states that a person who uses or threatens to use force, as permitted by FLA. Stat § 776.012 and Fla. Stat. §776.013, is immune from criminal prosecution.

17.     According to FLA. STAT. §776.013(2), a person is presumed to have been in reasonable fear of imminent peril of death or great bodily harm when using deadly force if (1) the person against whom defensive force was used in the process of unlawfully and forcefully entering an occupied vehicle, or was attempting to remove another against their will from an occupied vehicle, and (2) the person who used the defensive force knew or had reason to believe that the unlawful and forcible entry or act was occurring. A person who unlawfully and by force attempts to enter another's occupied vehicle is presumed to be doing so with the intent to commit an unlawful act involving force or violence. *Id.* § (4).

18.     Furthermore, under FLA. STAT. § 776.012(2)(Stand Your Ground Law), a person can use deadly force if he believes that using such force is necessary to prevent imminent death or great bodily injury to himself or another or to prevent the imminent commission of a forcible felony. A person who uses deadly force under these circumstances does not have a duty to retreat and has a right to stand his ground if he is not engaged in criminal activity and is in a place where he has a right to be. *Id.*

19.     A burglary means "entering…a conveyance with the intent to commit an offense therein." FLA. STAT. § 810.02(1)(a). A burglary is a felony in the first degree if the course of committing the burglary, the offender makes an assault or battery upon a person. *Id.* § (2)(a).

20.     At all times material hereto, the Plaintiff was in a place where had a lawful right to be, and the Plaintiff was not engaged in criminal activity.

21.     At all times material, Roland Martinez (hereinafter "Martinez") was employed as a tow truck driver for Westway Towing.

22.     Plaintiff regularly did business with Southeast Collision Center and would respond to crash scenes to assist drivers. As part of his duties, Plaintiff would refer drivers to Southeast Collision Center and, in consideration for the referral, Southeast would pay Plaintiff a referral fee.

23.      Occasionally, the Plaintiff would share his referral fee with Martinez if Martinez originated the referral and directed the referral to the Plaintiff.

24.     On September 30, 2019, Plaintiff had not yet been paid for a referral that Martinez originated the week prior, and therefore Plaintiff has not yet paid Martinez. As such, on said date, Martinez called Plaintiff demanding that he bring the money he was owed to Westway Towing's place of business, where Martinez worked.

25.     In response, Plaintiff explained to Martinez that he could not pay Martinez as Plaintiff had not yet been paid by Southeast Collision Center.

26.     Because the Plaintiff told Martinez that he could not pay him, Martinez sent heated text messages to the Plaintiff and made hostile phone calls to the Plaintiff demanding money.

27.     At all times material hereto, Southeast Collision Center's place of business was located at or about 2565 N.W. 1st Avenue, Boca Raton, Palm Beach County, Florida ("Property").

28.     On the same day after Martinez threatened Plaintiff demanding money, non-party Kevin Pillner, who upon information and belief was the Vice-President of Westway Towing and had a proprietary interest in Southeast Collision Center, arranged for Martinez and the Plaintiff to meet at Southeast Collision Center's Property to determine what, if any, referral fee Southeast Collision Center owed the Plaintiff so that the Plaintiff and Martinez could, in turn, determine if the Plaintiff owed Martinez money for originating the referral.

29.     Upon the Plaintiff's arrival in his automobile to Southeast Collison Center Property, Martinez was waiting for the Plaintiff while pacing back and forth enraged. As such, when the

Plaintiff arrived at the Property and while the Plaintiff was in his automobile, Martinez aggressively approached the Plaintiff's automobile and screamed death threats at the Plaintiff as he feloniously and forcibly attempted to break into the Plaintiff's occupied automobile.

30.     As such, while Martinez was screaming death threats and feloniously attempting to break into Plaintiff's occupied vehicle to attack Plaintiff, Plaintiff had a reasonable fear of imminent peril of death or great bodily injury harm. Consequently, the Plaintiff shot Martinez in self-defense.

31.     At all times material hereto, Plaintiff was a business invitee of Southeast Collision Center and had a legal right to be on the Property.

32.     At all times material hereto, pursuant FLA. STAT. § 776.012 (Stand Your Ground law), the Plaintiff had no duty to retreat and had the right to use deadly force against Martinez.

33.     Upon investigating the incident, Defendant CITY OF BOCA RATON, *visa vie* Defendant BOCA RATON POLICE DEPARTMENT, was provided with surveillance video that was the best evidence of the incident and clearly showed the same. As such, said video was provided to Defendant BOCA RATON POLICE DEPARTMENT and was reviewed by Officer Defendant DARRYL KINGMAN. The video clearly showed the following:

- Martinez pacing around Southeast Collision Center

- Martinez approaching the Plaintiff's automobile in a heated state.

- Matinez attempting to open the Plaintiff's car door.

- Martinez punching the car window on the Plaintiff's side.

- The Plaintiff shooting Martinez mere seconds after Martinez forcibly attempted to enter the Plaintiff's automobile.

34.     Notwithstanding that surveillance video showed that Plaintiff had no duty to retreat and was immune from prosecution under Florida's Stand Your Ground law, *approximately ten (10) days **after** being provided the exculpatory surveillance video that exonerated Plaintiff from any crime*, officer Defendant DARRYL KINGMAN unlawfully arrested the Plaintiff and ultimately falsely charged him with, among other charges, second-degree murder with a firearm and falsely arrested and imprisoned Plaintiff secondary to said charges.

35.     As such, upon information and belief, Defendant CITY OF BOCA RATON falsely arrested and physically imprisoned Plaintiff from September 30, 2019, to January 22, 2020. Thereafter, secondary to pretrial release conditions secondary to the Plaintiff's unlawful arrest, the Plaintiff's liberty and freedom of movement was substantially restricted for the next several years until around and about January 6, 2022.

36.     On or about January 6, 2022, the Honorable Circuit Court Judge for the 15th Judicial Circuit Court in and for Palm Beach County, Florida in an Order Granting Defendant's Motion for Declaration of Immunity and Dismissal dismissed the subject criminal charges against the Plaintiff and found that the video evidence of the underlying incident, which, upon information and belief, Defendants CITY OF BOCA RATON, BOCA RATON POLICE DEPARTMENT, DAN ALEXANDER, and DARRYL KINGMAN viewed and/or had knowledge of, clearly showed that the Plaintiff had the right to use deadly force under Florida's Stand Your Ground law and that the Plaintiff was immune from criminal prosecution for fatally shooting Martinez. Thus, the Court found that Plaintiff had a reasonable fear of imminent peril of death or great bodily injury under facts, which were known to the Defendants and demonstrated by video evidence.  A copy of the Order Granting Defendant's Motion for Declaration of Immunity and Dismissal is attached hereto as **Exhibit "A."**

37.     At all times material hereto, none of the Defendants had a reasonable belief that Plaintiff had committed a crime.

38.     At all times material hereto, none of the Defendants had any probable cause to arrest the Plaintiff.

39.     At all times material hereto, none of the Defendants had a warrant to arrest the Plaintiff.

40.     At all times material hereto, Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT adopted unconstitutional policies in police enforcement through the actions of its police officers and agents, which include Defendant Officer DARRYL KINGMAN, as they relate to the conduct of individuals who lawfully defend themselves with lethal force under Florida's Stand Your Ground Law.

41.     Due to the actions of all the Defendants, Plaintiff had to hire an attorney to defend against the subject false criminal charges.

42.     At all times material hereto, Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT adopted policies, procedures, practices, or customs that allowed for among other things, false arrest of persons who are immune from prosecution under the Stand Your Ground Law and the false imprisonment of persons who are immune from prosecution under the Stand Your Ground Law.

43.     As such, the application to the Plaintiff of the customs and policies of Defendant CITY OF BOCA RATON and/or Defendant BOCA RATON POLICE DEPARTMENT, through their agents Officer Defendant DARRYL KINGMAN and Police Chief Defendant DAN ALEXANDER, was done without warrant and/or without probable cause.

44.     The unconstitutional and unlawful application of Defendant CITY OF BOCA RATON'S and Defendant BOCA RATON POLICE DEPARTMENT'S actions and/or omissions, through its agents officer Defendant DARRYL KINGMAN and Defendant DAN ALEXANDER reflected a callous disregard for or indifference to Plaintiff's civil rights.

45.     In violating the Plaintiff's right to be free from its unconstitutional and unlawful customs and policies, Defendant CITY OF BOCA RATON and/or Defendant BOCA RATON POLICE DEPARTMENT, through their agents, Defendant DARRYL KINGMAN, and Defendant DAN ALEXANDER, violated the Plaintiff's rights under the Constitution of the United States.

46.     As a direct and proximate result of all the Defendants' acts and omissions the Plaintiff has necessarily retained Kaiser Romanello, P.A. and Thomas Wright, Esq. to bring this action and is obligated to pay reasonable attorneys' fees for representation in this matter. Likewise, due to the Defendants' actions and/or omissions Plaintiff incurred necessary attorney's fees and costs to retain Michael D. Weinstein, P.A. to defend him against charges in the underlying criminal matter.

47.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

**COUNT I**
**FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES UNDER 42 U.S.C. § 1983 AGAINST CITY OF BOCA RATON**

48.     Plaintiff re-alleges and incorporates herein paragraphs 1 through 47, *supra* as if fully set forth herein.

49.     This action is brought under Title 28, U.S.C. § 1983, to redress the deprivation of rights, privileges, and immunities secured by the Constitution and Laws of the United States of the Plaintiff that were violated by the Defendant CITY OF BOCA RATON and Defendant DARRYL

KINGMAN, both acting under color of law. The rights sought to be redressed are guaranteed by the Fourth Amendment and by the Due Process and Equal Protection clauses in the Fourteenth Amendment of the Constitution of the United States of America.

50.     Plaintiff has a liberty interest in maintaining and controlling his bodily integrity and his life interest in maintaining and controlling his bodily integrity and his life under the Fourteenth Amendment to the Constitution of the United States.

51.     In committing the acts complained of herein, Defendant CITY OF BOCA RATON'S agent, Defendant DARRY KINGMAN, acted under the color of state law by falsely arresting and detaining Plaintiff with no basis in fact or law to do so.

52.     As a direct and proximate result of the Defendant CITY OF BOCA RATON'S actions, inactions, and conduct, Plaintiff was deprived of rights enforceable under Federal law and protected by the Fourth and Fourteenth Amendments to the Constitution of the United States of America; damages suffered by the Plaintiff, include, but are not limited to, deprivation of Due Process of Law, both substantive and procedural, invasion of constitutionally protected privacy rights, and deprivation of liberty and property.

53.     That as a direct, proximate, and foreseeable result of Defendant CITY OF BOCA RATON'S ACTIONS, Plaintiff claims the following items of damage:

a.     Past, present, and future loss of earnings and earning capacity;

b.     Past, present, and future medical and related expenses;

c.     Past, present, and future aggravation of a pre-existing condition;

d.     Past, present, and future physical and mental pain and suffering;

e.     Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the

enjoyment of life;

54.     The injuries and damages suffered by Plaintiff are permanent and/or continuing in their nature and Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendant CITY OF BOCA RATON as follows:

A.     That this Court assume jurisdiction over the parties and this cause.

B.     That this Court award Plaintiff a monetary judgment for compensatory and special, damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.     That this Court award the Plaintiff all other relief to which he is entitled and which this Court deems just and proper.

D.     Plaintiff demands trial by jury for all issues so triable.

<u>**COUNT II**</u>
<u>**FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT TO THE**</u>
<u>**CONSTITUTION OF THE UNITED STATES UNDER 42 U.S.C. § 1983**</u>
<u>**AGAINST CITY OF BOCA RATON**</u>

55.     Plaintiff re-alleges and incorporates Paragraphs 1-47, *supra* as if fully set forth herein.

56.     In committing the acts complained of herein, Defendant CITY OF BOCA RATON'S agent DARRYL KINGMAN, on behalf of Defendant CITY OF BOCA RATON, acted under color of state law by falsely imprisoning and detaining the Plaintiff, with no basis in fact or law to do so.

57.     That as a direct, proximate, and foreseeable result of Defendant CITY OF BOCA RATON's actions, Plaintiff was injured and claims the following items of damage:

a.      Past, present, and future loss of earnings and earning capacity;

b.      Past, present, and future medical and related expenses;

c.      Past, present, and future aggravation of a pre-existing condition;

d.      Past, present, and future physical and mental pain and suffering;

e.      Past, present, and future shame, humiliation, scarring, disability, discomfort,
disfigurement, loss of insurability, and the loss of the capacity for the
enjoyment of life;

58.     The injuries and damages suffered by Plaintiff are permanent and/or continuing in
their nature and Plaintiff has suffered from the same in the past and will continue to suffer from
the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendant
CITY OF BOCA RATON as follows:

A.      That this Court assume jurisdiction over the parties and this cause.

B.      That this Court award Plaintiff a monetary judgment for compensatory and special,
damages together with costs and disbursements, including reasonable attorneys'
fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.      That this Court award the Plaintiff all other relief to which he is entitled and which
this Court deems just and proper.

D.      Plaintiff demands trial by jury for all issues so triable.

### COUNT III
### FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES UNDER 42 U.S.C. § 1983 AGAINST BOCA RATON POLICE DEPARTMENT AND MICHELE MICCIO

59.     Plaintiff re-alleges and incorporates herein paragraphs 1 through 47, *supra* as if
fully set forth herein.

60.     This action is brought under Title 28, U.S.C. § 1983, to redress the deprivation of rights, privileges, and immunities secured by the Constitution and Laws of the United States of the Plaintiff that were violated by the Defendant BOCA RATON POLICE DEPARTMENT while acting under color of law. The rights sought to be redressed are guaranteed by the Fourth Amendment and by the Due Process and Equal Protection clauses in the Fourteenth Amendment of the Constitution of the United States of America.

61.     Plaintiff has a liberty interest in maintaining and controlling his bodily integrity and his life interest in maintaining and controlling his bodily integrity and his life under the Fourteenth Amendment to the Constitution of the United States.

62.     In committing the acts complained of herein, Defendant BOCA RATON POLICE DEPARTMENT'S agents, officer Defendant DARRYL KINGMAN, and Police Chief Defendant DAN ALEXANDER acted under the color of state law by falsely arresting and detaining Plaintiff with no basis in fact or law to do so.

63.     The arrest of the Plaintiff by the Defendant BOCA RATON POLICE DEPARTMENT'S agents, officer Defendant DARRYL KINGMAN, and Police Chief Defendant DAN ALEXANDER was done with callous disregard for, or indifference to, the Plaintiff's civil rights.

64.     In violating the Plaintiff's right to be free from false arrest, Defendant BOCA RATON POLICE DEPARTMENT, though its agents DARRYL KINGMAN and DAN ALEXANDER, violated the Plaintiff's civil rights under the Fourth Amendment of the Constitution of the United States.

65.    That as a direct, proximate, and foreseeable result of Defendant BOCA RATON POLICE DEPARTMENT'S actions Plaintiff was injured in and about his body and extremities and claims the following items of damage:

a.    Past, present, and future loss of earnings and earning capacity;

b.    Past, present, and future medical and related expenses;

c.     Past, present, and future aggravation of a pre-existing condition;

d.    Past, present, and future physical and mental pain and suffering;

e.    Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the enjoyment of life;

66.    The injuries and damages suffered by the Plaintiff are permanent and/or continuing in their nature and Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendants BOCA RATON POLICE DEPARTMENT and Police Chief Defendant MICHELE MIUCCIO as follows:

A.    That this Court assume jurisdiction over the parties and this cause.

B.    That this Court award Plaintiff a monetary judgment for compensatory and special, damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.    That this Court award the Plaintiff all other relief, including equitable relief, to which he is entitled and which this Court deems just and proper.

D.    Plaintiff demands trial by jury for all issues so triable.

**COUNT IV**
**FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT TO THE**
**CONSTITUTION OF THE UNITED STATES UNDER 42 U.S.C. § 1983**
**AGAINST BOCA RATON POLICE DEPARTMENT AND MICHELE MIUCCIO**

67.     Plaintiff re-alleges and incorporates Paragraphs 1-47, *supra* as if fully set forth herein.

68.     In committing the acts complained of herein, Defendant BOCA RATON POLICE DEPARTMENT'S agents DARRYL KINGMAN and DAN ALEXANDER, on behalf of Defendant CITY OF BOCA RATON, acted under color of state law by falsely imprisoning and detaining the Plaintiff, with no basis in fact or law to do so.

69.     The false imprisonment of Plaintiff by Defendants DARRYL KINGMAN and DAN ALEXANDER, as agents of Defendant BOCA RATON POLICE DEPARTMENT, violated the Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

70.     That as a direct, proximate, and foreseeable result of the actions of Defendant BOCA RATON POLICE DEPARTMENT, Plaintiff was injured in and about his body and extremities and claims the following items of damage:

   a.     Past, present, and future loss of earnings and earning capacity;

   b.     Past, present, and future medical and related expenses;

   c.     Past, present, and future aggravation of a pre-existing condition;

   d.     Past, present, and future physical and mental pain and suffering;

   e.     Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the enjoyment of life;

71.     The injuries and damages suffered by Plaintiff are permanent and/or continuing in their nature and Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendants BOCA RATON POLICE DEPARTMENT and Police Chief Defendant MICHELE MIUCCIO as follows:

A.     That this Court assume jurisdiction over the parties and this cause.

B.     That this Court award Plaintiff a monetary judgment for compensatory and special, damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.     That this Court award the Plaintiff all other relief, including equitable relief, to which he is entitled and which this Court deems just and proper.

D.     Plaintiff demands trial by jury for all issues so triable.

<u>**COUNT V**</u>
<u>**FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES UNDER 42 U.S.C. § 1983 AGAINST DARRYL KINGMAN AND DAN ALEXANDER IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**</u>

72.     Plaintiff re-alleges and incorporates herein paragraphs 1 through 47, *supra* as if fully set forth herein.

73.     This action is brought under Title 28, U.S.C. § 1983, to redress the deprivation of rights, privileges, and immunities secured by the Constitution and Laws of the United States of the Plaintiff that were violated by Defendants DARRYL KINGMAN and DAN ALEXANDER while acting under color of law. The rights sought to be redressed are guaranteed by the Fourth

Amendment and by the Due Process and Equal Protection clauses in the Fourteenth Amendment of the Constitution of the United States of America.

74.     Video evidence, as well as other evidence of the underlying incident, clearly showed that Martinez was shot while attempting to assault Plaintiff by breaking and entering Plaintiff's vehicle while Plaintiff occupied same – a forcible felony. As such, notwithstanding that the evidence clearly showed that Plaintiff was immune from criminal prosecution and was justified and entitled to defend himself with lethal force under Florida's established Stand Your Ground law, Defendant KINGMAN nevertheless effectuated a false arrest and imprisonment of Plaintiff.

75.     Plaintiff has a liberty interest in maintaining and controlling his bodily integrity and his life interest in maintaining and controlling his bodily integrity and his life under the Fourteenth Amendment to the Constitution of the United States.

76.     Defendant DARRYL KINGMAN arrested Plaintiff with callous disregard for or indifference to, the Plaintiff's civil rights and constituted an abuse of Defendant DARRYL KINGMAN'S lawful authority.

77.     In violating the Plaintiff's right to be free from false arrest, Defendant DARRYL KINGMAN, violated the Plaintiff's civil rights under the Fourth Amendment of the Constitution of the United States.

78.     At all times material hereto, Defendant DAN ALEXANDER, as Chief of the Boca Raton Police Department had a duty to review and supervise Defendant KINGMAN'S false arrest and imprisonment of the Plaintiff and countermand and reverse Defendant KINGMAN'S unlawful and unconstitutional false arrest and imprisonment of the Plaintiff by ordering his release or by taking other official action within his power as Chief of Police. As such Defendant Chief ALEXANDER had a duty to review video evidence as well as other evidence of the underlying

incident, and upon information and belief did review such evidence, that clearly showed that Martinez was shot while attempting to assault Plaintiff by breaking and entering the Plaintiff's vehicle while the Plaintiff occupied same – a forcible felony.

79.     Thus, notwithstanding that the evidence clearly showed that Plaintiff was immune from criminal prosecution and otherwise justified and entitled to defend himself with lethal force under Florida's established Stand Your Ground law, Defendant ALEXANDER failed to countermand and/or reverse Defendant KINGMAN'S false arrest and imprisonment of the Plaintiff and ratified and continued the false arrest and imprisonment of the Plaintiff in violation of the Plaintiff's constitutional rights as set forth herein.

80.     That as a direct, proximate, and foreseeable result of the actions of DARRYL KINGMAN, the Plaintiff was injured in and about his body and extremities and claims the following items of damage:

a.     Past, present, and future loss of earnings and earning capacity;

b.     Past, present, and future medical and related expenses;

c.     Past, present, and future aggravation of a pre-existing condition;

d.     Past, present, and future physical and mental pain and suffering;

e.     Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the enjoyment of life;

81.     The injuries and damages suffered by the Plaintiff are permanent and/or continuing in their nature and has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendants DARRYL KINGMAN and DAN ALEXANDER, in their individual and official capacities, as follows:

A.     That this Court assume jurisdiction over the parties and this cause.

B.     That this Court award Plaintiff a monetary judgment for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.     That this Court award the Plaintiff all other relief, including equitable relief, to which he is entitled and which this Court deems just and proper.

D.     Plaintiff demands trial by jury for all issues so triable.

<u>COUNT VI</u>
<u>FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT TO THE
CONSTITUTION OF THE UNITED STATES UNDER 42 U.S.C. § 1983
AGAINST DARRYL KINGMAN AND DAN ALEXANDER INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES</u>

82.     Plaintiff re-alleges and incorporates Paragraphs 1-47, *supra* as if fully set forth herein.

83.     At all times material hereto, Defendant DARRYL KINGMAN as a police officer for Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT, had a duty to know and understand Florida's Stand Your Ground law and govern their actions accordingly.

84.     Video evidence, as well as other evidence of the underlying incident, clearly showed that Martinez was shot while attempting to assault Plaintiff by breaking and entering Plaintiff's vehicle while Plaintiff occupied same – a forcible felony. As such, notwithstanding that the evidence clearly showed that Plaintiff was immune from criminal prosecution and was justified

and entitled to defend himself with lethal force under Florida's established Stand Your Ground law, Defendant KINGMAN nevertheless effectuated a false arrest and imprisonment of Plaintiff.

85.     At all times material hereto, Defendant DAN ALEXANDER, as Chief of the Boca Raton Police Department had a duty to review and supervise Defendant KINGMAN'S false arrest and imprisonment of the Plaintiff and countermand and reverse Defendant KINGMAN'S unlawful and unconstitutional false arrest and imprisonment of the Plaintiff by ordering his release or by taking other official action within his power as Chief of Police. As such Defendant Chief ALEXANDER had a duty to review video evidence as well as other evidence of the underlying incident, and upon information and belief did review such evidence, that clearly showed that Martinez was shot while attempting to assault Plaintiff by breaking and entering the Plaintiff's vehicle while the Plaintiff occupied same – a forcible felony.

86.     Thus, notwithstanding that the evidence clearly showed that Plaintiff was immune from criminal prosecution and otherwise justified and entitled to defend himself with lethal force under Florida's established Stand Your Ground law, Defendant DAN ALEXANDER failed to countermand and/or reverse Defendant DARRYL KINGMAN'S false arrest and imprisonment of the Plaintiff and ratified and continued the false arrest and imprisonment of the Plaintiff in violation of the Plaintiff's constitutional rights as set forth herein.

87.     In committing the acts complained of herein, Defendants DARRYL KINGMAN and Chief Defendant DAN ALEXANDER, on behalf of Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT, acted under color of state law by falsely imprisoning and detaining the Plaintiff, with no basis in fact or law to do so.

88.     The false imprisonment of Plaintiff by Defendant KINGMAN and Defendant DAN ALEXANDER as agents of Defendant CITY OF BOCA RATON and Defendant BOCA RATON

POLICE DEPARTMENT, violated the Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

89.     That as a direct, proximate, and foreseeable result of the actions of Defendant KINGMAN, Plaintiff was injured and claims the following items of damage:

a.     Past, present, and future loss of earnings and earning capacity;

b.     Past, present, and future medical and related expenses;

c.     Past, present, and future aggravation of a pre-existing condition;

d.     Past, present, and future physical and mental pain and suffering;

e.     Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the enjoyment of life;

90.     The injuries and damages suffered by the Plaintiff are permanent and/or continuing in their nature and Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendants DARRYL KINGMAN and DAN ALEXANDER, in their individual and official capacities, as follows:

A.     That this Court assume jurisdiction over the parties and this cause.

B.     That this Court award Plaintiff a monetary judgment for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.     That this Court award the Plaintiff all other relief, including equitable relief, to which he is entitled and which this Court deems just and proper.

D.     Plaintiff demands trial by jury for all issues so triable.

**COUNT VII**
**NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION**
**AGAINST CITY OF BOCA RATON, THE BOCA RATON POLICE DEPARTMENT,**
**AND MICHELE MIUCCIO IN HER OFFICIAL CAPACITY**

91.     Plaintiff re-alleges and incorporates Paragraphs 1-47, *supra* as if fully set forth herein.

92.     In committing the acts complained of herein, Defendants DARRYL KINGMAN and DAN ALEXANDER, on behalf of Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT, acted under color of state law by falsely imprisoning and detaining the Plaintiff, with no basis in fact or law to do so.

93.     The false imprisonment of Plaintiff by Defendant DARRYL KINGMAN and DAN ALEXANDER, as agents of Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT, violated the Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

94.     At all times material, Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT, by and through its employees, agents, apparent agents, and/or servants, had a duty to citizens such as Plaintiff, to use reasonable care in the selection, retention, and supervision of police officers for Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT.

95.     Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT, by and through its employees, agents, apparent agents, and/or servants, breached its duty towards Plaintiff by:

(a)     Negligently hiring Officer Defendant DARRYL KINGMAN and Police Chief Defendant DAN ALEXANDER after failing to perform a reasonable investigation into their

background, qualifications, job skills, and abilities, when Defendants CITY OF BOCA RATON and BOCA RATON POLICE DEPARTMENT knew or should have known that:

      (1)    Defendants DARRYL KINGMAN and DAN ALEXANDER were incompetent and/or unfit to be a police officer and police chief respectively, and/or,

      (2)    Defendants DARRYL KINGMAN and DAN ALEXANDER lacked the training and skills necessary to be a police officer and police chief respectively and/or,

      (3)    Defendants DARRYL KINGMAN and DAN ALEXANDER were likely to harm others given the responsibilities entrusted to them.

(b)    Unreasonably failing to train, supervise, discipline, demote, suspend and/or discharge Officer Defendant DARRYL KINGMAN and police chief Defendant DAN ALEXANDER although Defendant CITY OF BOCA RATON and Defendant BOCA RATON POLICE DEPARTMENT knew or should have known that Defendants DARRYL KINGMAN and DAN ALEXANDER lacked training and skills to be a police officer and police chief respectively, were incompetent and/or unfit to be a police officer and police chief respectively, and were likely to harm others given the responsibilities entrusted to them.

96.    That as a direct, proximate, and foreseeable result of the actions and/or omissions of Defendant CITY OF BOCA RATON and BOCA RATON POLICE, Plaintiff was injured and claims the following items of damage:

a.    Past, present, and future loss of earnings and earning capacity;

b.    Past, present, and future medical and related expenses;

c.    Past, present, and future aggravation of a pre-existing condition;

d.   Past, present, and future physical and mental pain and suffering;

e.   Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the enjoyment of life;

97.   The injuries and damages suffered by Plaintiff are permanent and/or continuing in their nature as Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendant CITY OF BOCA RATON, Defendant BOCA RATON POLICE DEPARTMENT, and MICHELE MIUCCIO in her official capacity as follows:

A.   That this Court assume jurisdiction over the parties and this cause.

B.   That this Court award Plaintiff a monetary judgment for compensatory and special, damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.   That this Court award the Plaintiff all other relief, including equitable relief, to which he is entitled and which this Court deems just and proper.

D.   Plaintiff demands trial by jury for all issues so triable.

<u>**COUNT VIII**</u>
<u>**NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION**</u>
<u>**AGAINST DAN ALEXANDER IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**</u>

98.   Plaintiff re-alleges and incorporates Paragraphs 1-47, *supra* as if fully set forth herein.

99.     In committing the acts complained of herein, Defendant DARRYL KINGMAN, on behalf of Defendant BOCA RATON POLICE DEPARTMENT, acted under color of state law by falsely imprisoning and detaining Plaintiff, with no basis in fact or law to do so.

100.     The false imprisonment of Plaintiff by Defendant DARRYL KINGSMAN, as an agent of Defendants CITY OF BOCA RATON and BOCA RATON POLICE DEPARTMENT, violated the Plaintiff's rights under the Fourth Amendment to the Constitution of the United States.

101.     At all times material, Defendant DAN ALEXANDER, as Chief of Defendant BOCA RATON POLICE DEPARTMENT, had a duty to citizens such as Plaintiff, to use reasonable care in the selection, retention, and supervision of police officers for Defendants CITY OF BOCA RATON and/or BOCA RATON POLICE DEPARTMENT.

102.     Police Chief Defendant DAN ALEXANDER breached his duty towards the Plaintiff by:

(a)     Negligently hiring Officer Defendant DARRYL KINGMAN after failing to perform a reasonable investigation into their background, qualifications, job skills, and abilities, when Defendant DAN ALEXANDER knew or should have known that:

(1)     Defendant DARRYL KINGMAN was incompetent and/or unfit to be a police officer, and/or,

(2)     Defendant DARRYL KINGMAN lacked the training and skills necessary to be a police officer and/or,

(3)     Defendant DARRYL KINGMAN was likely to harm others given the responsibilities entrusted to him.

(b)     Unreasonably failing to train, supervise, discipline, demote, suspend, and/or discharge Officer Defendant DARRYL KINGMAN although Police Chief Defendant DAN

ALEXANDER knew or should have known that DARRYL KINGMAN lacked training and skills to be a police officer, was incompetent and/or unfit to be a police officer and was likely to harm others given the responsibilities entrusted to him.

103.   That as a direct, proximate, and foreseeable result of the actions and/or omissions of Defendant DAN ALEXANDER, Plaintiff was injured and claims the following items of damage:

a.   Past, present, and future loss of earnings and earning capacity;

b.   Past, present, and future medical and related expenses;

c.    Past, present, and future aggravation of a pre-existing condition;

d.   Past, present, and future physical and mental pain and suffering;

e.   Past, present, and future shame, humiliation, scarring, disability, discomfort, disfigurement, loss of insurability, and the loss of the capacity for the enjoyment of life;

104.   The injuries and damages suffered by Plaintiff are permanent and/or continuing in their nature as Plaintiff has suffered from the same in the past and will continue to suffer from the same in the future.

**WHEREFORE**, Plaintiff RAED F. HAMDAN, demands judgment against Defendant DAN ALEXANDER in his individual and official capacity as follows:

A.   That this Court assume jurisdiction over the parties and this cause.

B.   That this Court award Plaintiff a monetary judgment for compensatory and special, damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

C.      That this Court award the Plaintiff all other relief, including equitable relief, to

which he is entitled and which this Court deems just and proper.

D.      Plaintiff demands trial by jury for all issues so triable.

Dated this 28th day of September 2023,

                                    Respectfully submitted,

                                    **KAISER ROMANELLO, P.A.**
                                    Attorney for Plaintiff
                                    11555 Heron Bay Boulevard
                                    Suite 200
                                    Parkland, Florida 33076
                                    Telephone: (954) 603-0100
                                    Facsimile: (954) 827-0472

                                    By:   *Lorne Adam Kaiser, Esq.*
                                    Lorne Adam Kaiser
                                    Attorney for the Firm